NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0701-15T1

MICHAEL SAVIO,

 Petitioner-Respondent,

v.

MATTHEW V. GIAMBRI, SR.,
a/k/a MATT GIAMBRI,

 Respondent-Appellant.
_______________________________________

 Submitted December 22, 2016 – Decided July 12, 2017

 Before Judges Lihotz and O'Connor.

 On appeal from the New Jersey Department of
 Labor and Workforce Development, Division of
 Workers' Compensation, Docket No. 2006-
 20819.

 Kavanagh & Kavanagh, LLC, attorneys for
 appellant (Victoria S. Kavanagh, on the
 brief).

 Law Offices of Sal B. Daidone, and The
 Blanco Law Firm, LLC, attorneys for
 respondent (Sal B. Daidone, on the brief;
 Pablo N. Blanco, of counsel and on the
 brief).

PER CURIAM
 Following a hearing, a workers' compensation judge

determined Michael Savio was an employee of Matthew V. Giambri,

Sr., at the time Savio was injured on a job site on June 1,

2006, making him eligible for benefits under the Workers'

Compensation Act (Act), N.J.S.A. 34:15-1 to -146. Giambri

appeals from the August 31, 2015 judgment memorializing the

judge's determination. After reviewing the record and

applicable legal principles, we affirm.

 I

 At the hearing, held nine years after the incident, only

Savio and John Carney, a co-worker present when Savio was

injured, testified. None of their testimony was refuted.1

Because Carney's testimony is immaterial to the issues on

appeal, we summarize only the relevant testimony Savio provided.

 Although he initially testified he had been working for

Giambri for two weeks before the subject incident, Savio

subsequently stated and the judge found credible he had been

working for Giambri for four weeks before he was injured.

During those four weeks, Savio "pour[ed] concrete" on one and

1
 We note here Giambri, who represented himself during the
hearing, cross-examined Savio and conducted a direct examination
of Carney. As revealed by the judge's written opinion and
Giambri's brief, both regarded the content of Giambri's
questions as evidence. We point out the contents of a question
are never evidence, a premise so obvious we deem it unnecessary
to provide a citation of authority for its support.
 2
 A-0701-15T1
did plumbing work on another job site. Giambri paid him $150

per day to pour concrete; otherwise, Giambri paid Savio "$125,

$100" per day. Savio testified he was paid by check or cash for

his work and was "not on the books" but, significantly, also

stated he did receive a W-2 form from Giambri's company.

 On June 1, 2006, Giambri picked up Savio from his home and

drove him to a job site. On the way, Giambri informed Savio he

was taking him to a residence, where the siding was to be

removed and replaced, but Savio's task was only to rip off the

siding. When they arrived, Carney was present, as was the

homeowner. When asked if Giambri gave him any directions on

what he was to do, Savio replied Giambri "pointed everything

out" and then left.

 During the hearing, Savio was asked if he had his own

tools, to which he replied in the affirmative, but there was no

evidence he used his tools at the job site. Savio also stated

he did not bring any materials to the residence, as what was

needed was "already there."

 After the siding was removed, Savio began to descend from a

ladder when it suddenly broke, causing Savio to fall two-and-a-

half stories and injure his spine. Savio was disabled from

working for an unspecified period of time, and continued to

receive treatment for his injuries until 2010. He was informed
 3
 A-0701-15T1
by his physician he could never resume work in the construction

field.

 The judge found Savio "extremely credible," and, after

considering the twelve factors set forth in Estate of Kotsovska,

ex rel. Kotsovska v. Liebman, 221 N.J. 568, 594 (2015), to

determine if a party is an employee of another, concluded Savio

was Giambri's employee at the time he was injured.2 We address

the judge's specific findings when we discuss the twelve

factors, below.

 II

 On appeal, Giambri contends there was insufficient evidence

to support a finding Savio was his employee under the twelve-

2
 These twelve factors are:

 (1) the employer's right to control the
 means and manner of the worker's
 performance; (2) the kind of occupation—
 supervised or unsupervised; (3) skill; (4)
 who furnishes the equipment and workplace;
 (5) the length of time in which the
 individual has worked; (6) the method of
 payment; (7) the manner of termination of
 the work relationship; (8) whether there is
 annual leave; (9) whether the work is an
 integral part of the business of the
 "employer"; (10) whether the worker accrues
 retirement benefits; (11) whether the
 "employer" pays social security taxes; and
 (12) the intention of the parties.

 [Kotsovska, supra, 221 N.J. at 594 (quoting
 Pukowski v. Caruso, 312 N.J. Super. 171,
 182-83 (App. Div. 1998)).]
 4
 A-0701-15T1
factor test adopted in Kotsovska, supra, 221 N.J. at 594.

Giambri maintains Savio was merely a casual employee and, thus,

ineligible to receive benefits under the Act. See N.J.S.A.

34:15-36.

 The scope of appellate review in workers' compensation

matters is well-established. That review is limited to "whether

the findings made could reasonably have been reached on

sufficient credible evidence present in the record, considering

the proofs as a whole, with due regard to the opportunity of the

one who heard the witnesses to judge of their credibility."

Lindquist v. City of Jersey City Fire Dep't, 175 N.J. 244, 262

(2003) (quoting Close v. Kordulak Bros., 44 N.J. 589, 599

(1965)).

 Deference is given to the factual findings made by the

compensation judge, unless they are "manifestly unsupported by

or inconsistent with competent, relevant and reasonably credible

evidence as to offend the interests of justice." Perez v.

Monmouth Cable Vision, 278 N.J. Super. 275, 282 (App. Div. 1994)

(quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J.

474, 484 (1974)), certif. denied, 140 N.J. 277 (1995).

Moreover, a reviewing court must give due regard to the special

expertise of the workers' compensation judge. Sager v. O.A.

 5
 A-0701-15T1
Peterson Constr., Co., 182 N.J. 156, 164 (2004) (citing Close,

supra, 44 N.J. at 599).

 Having reviewed the record in light of the principles of

law governing our review, we conclude the judge's determination

Savio was Giambri's employee was reasonably reached on

sufficient credible evidence present in the entirety of the

record. Therefore, we affirm. We review the twelve factors in

light of the evidence and the judge's findings.

 The first factor to be considered is the employer's right

to control the means and manner of the worker's performance.

The judge determined a question Giambri posed to Savio included

an admission Giambri controlled how Savio was to complete his

duties. However, questions asked of a witness are not evidence.

Notwithstanding, the record reveals there was evidence to

support the conclusion Giambri controlled the means and manner

of Savio's performance.

 On the day he was injured, Giambri picked up Savio from his

home and told him he was taking him to a residence, where Savio

was to remove the siding from a house. Although the ultimate

job Giambri intended to complete for the homeowner was to put on

new siding, Savio was instructed his role in the project was

limited to remove the siding. Giambri supplied all of the

materials Savio needed to complete the job. There is no
 6
 A-0701-15T1
evidence Savio used any of his own tools or materials to

complete the task assigned to him. After Giambri dropped Savio

off at the site and "pointed out" what he was to do, Giambri

left.

 Although Giambri then left the site revealing, as Giambri

argues, he was not exerting any control over and thus Savio was

not his employee, there is no evidence Savio required any more

supervision or direction from Giambri to complete the task at

hand. Therefore, the fact Giambri left the workplace does not

detract from Savio's premise he was an employee.

 It has long been recognized the first factor carries less

weight when the job in question does not require direction or

supervision from the hiring party. See D'Annunzio v. Prudential

Ins. Co. of Am., 192 N.J. 110, 121-22 (2007) (citing Marcus v.

E. Agric. Ass'n, 58 N.J. Super. 584, 597 (App. Div. 1959)

(Conford, J., dissenting), rev'g on dissent, 32 N.J. 460

(1960)). "[W]here the type of work requires little supervision

over details for its proper prosecution and the person

performing it is so experienced that instructions concerning

such details would be superfluous, . . . . the factor of control

becomes inconclusive." Ibid. (quoting Marcus, supra, 58 N.J.

Super. at 597).

 7
 A-0701-15T1
 For the same reason, factor two, the supervision necessary

over the job under review, and factor three, the skills entailed

to perform the subject job, also have minimal significance in

this matter. As the compensation judge correctly found, Savio's

duties required little direction and only minimal skills.

 Factor four requires a consideration of who furnished the

equipment and workplace. There is no question Giambri furnished

both and, contrary to Giambri's claim, there is no evidence

Savio used any of his own tools.

 Factor five is the length of time the individual worked for

the alleged employer. As the judge found, there was credible,

unrefuted evidence Savio had been working for Giambri for four

weeks before he was injured.

 The sixth factor is the method used to pay the alleged

employee. The judge noted Savio was paid by cash or personal

check, and the amount of his pay depended upon the kind of labor

he performed. Significantly, it is unrefuted Giambri's company

provided Savio with a W-2 form.

 The seventh factor requires a consideration of the manner

in which the work relationship terminated. The judge found

there is no question the accident precluded Savio from returning

to work for Giambri, a finding supported by the evidence.

 8
 A-0701-15T1
 The eighth (whether there was annual leave), tenth (whether

the worker accrued retirement benefits), and eleventh (whether

the employer paid Social Security taxes) factors are similar and

are addressed collectively. The judge found there was no

evidence addressing these factors. We note there was evidence

of the eleventh factor. Specifically, Savio testified he

received a W-2 form from Giambri's company. Although a copy of

the W-2 form was not provided, such form typically reflects

Social Security taxes have been withheld.

 The ninth factor requires a determination whether the

alleged employee's work was an integral part of the alleged

employer's business. Here, the judge found Giambri was a

contractor who employed laborers to perform services on his

behalf and, thus, the work Savio performed was an integral part

of Giambri's business.

 While there was no explicit testimony Giambri was a

contractor, it was implicit that he was. Savio testified

Giambri hired him to "pour concrete" at one site, do plumbing at

another, and remove siding from a house at the third and final

site. Thus, there was sufficient evidence Giambri was providing

contracting services.

 The twelfth factor necessitates an examination of the

parties' intentions. Here, there is no evidence of any express
 9
 A-0701-15T1
statement made by either party characterizing their

relationship, but the evidence discussed above reveals a dynamic

between the two consistent with the existence of an employer and

employee relationship.

 We are satisfied from our review of the record that,

considering the proofs as a whole, the judge's conclusion Savio

was Giambri's employee is amply supported by the record.

Accordingly, as an employee, Savio was entitled to compensation

under the Act. Because of our disposition, we need not address

Giambri's remaining argument.

 Affirmed.

 10
 A-0701-15T1